IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGIA LYNN PERROTTI, as | : |
| Executrix of the Estate of ANDREW C. | : CIVIL NO. _____ |
| PERROTTI, deceased, and GEORGIA | : |
| LYNN PERROTTI in her own right | : |
| | : |
|      Plaintiffs, | : |
| | : CIVIL ACTION - LAW |
| vs. | : |
| | : |
| UNITED STATES OF AMERICA and | : |
| ROBERT V. DRAKE, CAROL S. DRAKE, | : |
| and PPP ASSETS, LLC, a Florida | : |
| Limited Liability Company | : |
| | : |
|     Defendants: | : (ELECTRONICALLY FILED) |

## COMPLAINT

AND NOW come the Plaintiffs, Georgia Lynn Perrotti, as Executrix of the

Estate of Andrew C. Perrotti, deceased and Georgia Lynn Perrotti in her own right,

by and through their counsel, Dougherty, Leventhal & Price, LLP, to file a

Complaint against the Defendants United States of America, Robert V. Drake,

Carol S. Drake and PPP Assets, LLC, a Florida Limited Liability Company, as follows:

## I.      JURISDICTION AND VENUE

1.  This matter involves a claim for personal injuries against the United States of America pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §1346(b).

2.  This Court has jurisdiction over the United States of America pursuant to 28 U.S.C. §1346(a) (vesting original jurisdiction over FTCA claims in federal district court).

3.  Jurisdiction over Robert V. Drake, Carol S. Drake and PPP Assets, LLC, is conferred pursuant to the supplemental jurisdiction provision set forth in the Federal Judicial Code at 28 U.S.C. §1367(a) since the claims against these non-US governmental defendants are related to the claims against the United States.

4.  Venue is proper in this Court because the acts and omissions that form the subject matter of this action occurred in this judicial district (*See* 28 U.S.C. §1391(b)).

## II.     THE PARTIES

5.  Plaintiff Georgia Lynn Perrotti is an adult individual and resident of Pennsylvania.  She is the widow of the late Andrew G. Perrotti and is the

Executrix of the Estate of Andrew G. Perrotti, deceased.

6. The Defendant is the United States of America (hereinafter, "United States") which is a sovereign nation comprised of 50 states and several territories.

7. Defendants are Robert V. Drake and Carole S. Drake, (hereinafter collectively referred to as ("Defendants Drake" or "Drake Defendants") and are adult individuals and residents of the Commonwealth of Pennsylvania with a mailing address of P.O. Box 274, Tafton, Pennsylvania 18464.

8. The Defendant is PPP Assets, LLC, a Florida Limited Liability Company, (hereinafter, "Defendant PPP Assets") with a mailing address listed as 75 Columbia Avenue, Cedarhurst, New York, 11516.

## III. GENERAL ALLEGATIONS RELATING TO THE INJURIES SUSTAINED BY THE LATE ANDREW G. PERROTTI

9. At all times relevant hereto, the Defendant United States owned operated, and had under its control the United States Postal Service. Incident to those responsibilities, the United States, through the Postal Service, operated a post office in Tafton, Pike County, Pennsylvania located at 287 Route 507, Tafton, Pennsylvania 18464. Upon information and belief, at the time that the United States Postal Service operated this post office, the property in question was owned by the Defendants Robert V. Drake and Carol S. Drake. At some point subsequent

3

to the events which form the basis of this Complaint, the property was sold to PPP Assets, LLC. Defendant PPP Assets, LLC, has been named as a Defendant in this suit in the event that incident to its acquisition of the subject property it agreed to indemnify Defendants Robert V. Drake and Carol S. Drake for any claims made subsequent to the date of its acquisition of the property.

10. The injuries which form the basis of this Complaint occurred on property located at 287 Route 507, Tafton, Pike County, Pennsylvania which was being operated by the United States Postal Service.

11. On February 22, 2022, Andrew Perrotti was a business invitee at the Post Office located at 287 Route 507, Tafton, Pennsylvania, when he attempted to enter the building by accessing a make-shift ramp that had no markings related to its elevation off the ground and also had a dangerous lip which extended out from the foundation of the ramp thereby creating a tripping hazard. Mr. Perrotti's foot got caught in this dangerous lip on the ramp causing him to fall through a gap in the hand rails which caused Mr. Perrotti to fall to his left at which point he hit his head and left eye causing serious injuries to his left eye, left elbow, low back and left knee. As a result of the fall Mr. Perrotti suffered a left eye ruptured globe also known as a corneoscleral laceration with an uveal prolapse which required surgery. Ultimately, Mr. Perrotti lost the use of his left eye as well as sustaining

4

left shoulder, elbow and knee injuries resulting in pain and suffering from the date of the incident until Mr. Perrotti's death.

## IV.   EXHAUSTION OF ADMINISTRATIVE REMEDIES AND COMPLIANCE WITH THE FEDERAL TORT CLAIMS ACT

12.   By correspondence under date of March 21, 2023, to the Tort Claims Coordinator for the United States Postal Service, Plaintiff, through counsel, submitted a Standard Form 95 Claim together with a description of the incident in question as well as supporting medical records documenting the nature and extent of the injuries sustained by Andrew G. Perrotti (now deceased).

13.   By correspondence under date of June 13, 2023, the United States Postal Service acknowledged receipt of the administrative claim.  By subsequent correspondence under date of August 22, 2023, the United States Postal Service advised counsel for the Plaintiff that it had in fact received the claim and confirmed that it had received medical records and documentation and that nothing additional would be required in order to evaluate the claim.

14.   As of February 19, 2024, the law department of the National Tort Center on behalf of the United States Postal Service and the United States Government has not issued any decision related to the presentation of the claim.

15.  Insofar as six months has passed since the formal submission of the claim as evidenced by the fact that the Postal Service acknowledged receipt of the claim by June 13, 2023, the Plaintiff has now waited six (6) months pursuant to the provisions of 28 U.S.C. §2675(a) and is authorized pursuant to the statute to institute suit to recover for the damages sustained by Georgia Lynn Perrotti individually and on behalf of the Estate of Andrew G. Perrotti.

## COUNT I

### Plaintiffs vs. Defendant United States of America

16.  Plaintiffs incorporate the allegations of paragraphs 1 through 15 as though the same were set forth at length.

17.  Defendant, the United States operates the United States Postal Service and operated and controlled the property which it utilized as a post office at 287 Route 507, Tafton, Pike County, Pennsylvania, 18464 at all times relevant, and in particular on February 22, 2022.

18.  At all times material hereto, the United States through the Postal Service was in control of a premises located at 287 Route 507, Tafton, Pike County, Pennsylvania 18464.

19.  At all times material hereto, the United States through the United States Postal Service by and through its agents, servants, workmen or employees, had

under its care, custody and control the obligations of inspection, supervision, and maintenance of the premises in question, in particular the defective ramp which included an undetectable lip extending from its foundation which was a clear tripping hazard.

20. On February 22, 2022, the late Andrew G. Perrotti was a business invitee entering the Post Office at a designated entryway (two photographs depicting the location in question are appended hereto collectively as Exhibit "A"). As he attempted to enter the ramp in question, Mr. Perrotti was caused to fall when an unmarked lip which was undiscernable to the general public caused him to trip at which point he fell with great force into an iron handrail sustaining serious injuries to his head, left eye, left shoulder, left elbow, left knee and low back.

21. Mr. Perrotti's fall was caused by the aforementioned hazardous condition for which the United States Government was responsible in light of the fact that it was a landlord in possession and responsible for the management, maintenance, inspection, and control of the dangerous ramp upon which Mr. Perrotti fell. At all times relevant hereto, the United States Government, through the Postal Service, had a duty to maintain the ramp in question in a safe condition for business invitees, including Mr. Perrotti.

22.  The United States Government, through the Postal Service, should have been aware of this dangerous and hazardous condition and should have provided warnings to advise members of the general public that there was a lip at this designated entranceway that failed to comply with rudimentary safety standards.

23.  The United States Government, through the Postal Service, had a duty to inspect the ramp in question and to remedy any such dangerous conditions, including the defective ramp to ensure safe entry to the Post Office for the Government's business invitees, including Mr. Perrotti.

## ALLEGATIONS OF NEGLIGENCE

### Plaintiffs vs. Defendant United States of America

24.  Plaintiffs incorporate the allegations of paragraphs 1 through 23 as though the same were set forth at length.

25.  Mr. Perrotti's fall was caused by the negligence and carelessness of the United States Government, which consisted of the following:

a)  causing and/or permitting the ramp in question to have a dangerous lip extending only inches off the ground which was an obvious tripping hazard and which was not discernable to business invitees thus posing an unreasonable risk of injury to Mr. Perrotti;

8

b)    failing to make a reasonable inspection of its premises, particularly its ramp, which would have revealed the existence of the dangerous condition which caused Mr. Perrotti's fall;

c)    failing to warn Mr. Perrotti and other business invitees of the Postal Service of the dangerous condition posed by this lip extending from the ramp or to take any other safety precautions to prevent injury to Mr. Perrotti;

d)    failing to maintain the ramp in a safe condition;

e)    allowing business invitees such as the late Mr. Perrotti to access a dangerous area and failing to warn of the lip extending from the foundation of the ramp;

f)    failing to use reasonable care in the construction and maintenance of its premises in avoid trip/slip and fall hazards for its business invitees, including Mr. Perrotti;

g)    failing to repair the dangerous condition of the ramp even though the United States knew or should have known of the hazard posed to its business invitees, including Mr. Perrotti; and

h)    failing to have adequate and proper warnings.

9

26.  As a result of the negligence and carelessness of the United States, through the Postal Service, the late Mr. Perrotti sustained serious and permanent injuries, including a corneoscleral laceration with an uveal prolapse which necessitated surgery and resulted in the loss of all sight in Mr. Perrotti's left eye as well as injuries to his left shoulder, left elbow, left knee and low back.

27.  Solely as a result of the negligence and carelessness of the United States Government through the Postal Service, the late Mr. Perrotti was required to expend monies for medicine and medical care in order to treat his injuries to his great detriment and loss.

28.  Solely as a result of the negligence and carelessness of the United States Government through the Postal Service, its agents, servants, workmen and employees, the late Mr. Perrotti experienced great physical and mental anguish from the date of this incident on February 22, 2022 until the date of his death on October 5, 2023.

29.  Solely as a result of the negligence and carelessness of the Untied States, through the Postal Service, its agents, servants, workmen and employees, Mr. Perrotti had been deprived of life's pleasures and sustained an interruption in his lifestyle, suffered embarrassment and humiliation and scarring and physical deformity from February 22, 2022 until the date of his death on October 5, 2023.

WHEREFORE, your Plaintiffs Georgia Lynn Perrotti, as Executrix of the Estate of Andrew G. Perrotti, deceased and Georgia Lynn Perrotti in her own right demand judgment against the Defendant United States of America for compensatory damages in excess of $75,000 dollars plus interests and costs.

## COUNT II- Loss of Consortium

### Plaintiff Georgia Lynn Perrotti vs. United States of America

30.  Plaintiffs incorporate the allegations of paragraphs 1 through 29 as though the same were set forth at length.

31.  As a result of the negligence of the Defendant United States of America, by and through the Postal Service and the conduct of its agents, ostensible agents, servants and/or employees, the Plaintiff Georgia Lynn Perrotti has lost the companionship, society and services of her husband during the remainder of his lifetime.

WHEREFORE, your Plaintiff Georgia Lynn Perrotti, requests the Court to award compensatory damages in excess of $75,000 dollars plus interests and costs.

## COUNT III

### Plaintiffs vs. Defendants Robert V. Drake and Carol S. Drake

32.  Plaintiffs incorporate the allegations of paragraphs 1 through 31 as though the same were set forth at length.

11

33.   Defendants Drake, owned the property which the United States operates as a Post Office.  The Drakes owned the property located at 287 Route 507, Tafton, Pike County, Pennsylvania, 18464 which was utilized as a post office by the United States at all times relevant, and in particular on February 22, 2022.

34.   Upon information and belief, the Drakes constructed a dangerous ramp with an undetectable lip that was a tripping hazard.

35.   At all times material hereto, the Drakes by and through their agents, servants, workmen or employees, had under their care, custody and control the obligations of inspection, supervision, and maintenance of the premises in question, in particular the defective ramp which included an undetectable lip extending from its foundation which was a clear tripping hazard.

36.   On February 22, 2022, the late Andrew G. Perrotti was a business invitee entering the Post Office at a designated entryway (a photograph depicting the location in question is appended hereto as Exhibit "A"). As he attempted to enter the ramp in question, Mr. Perrotti was caused to fall when an unmarked lip which was undiscernable to the general public caused him to trip at which point he fell with great force into an iron handrail sustaining serious injuries to his head, left eye, left shoulder, left elbow, left knee and low back.

37.  Mr. Perrotti's fall was caused by the aforementioned hazardous condition for which the Defendants Drake and/or the United States was responsible in light of the fact that the Drakes owned the property and were responsible for the management, maintenance, inspection, and control of the dangerous ramp upon which Mr. Perrotti fell.  At all times relevant hereto, the Defendants Drake and/or the United States had a duty to maintain the ramp in question in a safe condition for business invitees, including Mr. Perrotti.

38.  Defendants Drake and/or the United States through the Postal Service, should have been aware of this dangerous and hazardous condition and should have provided warnings to advise members of the general public that there was a lip at this designated entranceway that failed to comply with rudimentary safety standards.

39.  Defendants Drake and/or the United States through the Postal Service, had a duty to inspect the ramp in question and to remedy any such dangerous conditions, including the defective ramp to ensure safe entry to the Post Office for the Government's business invitees, including Mr. Perrotti.

## ALLEGATIONS OF NEGLIGENCE

### Plaintiffs vs. Defendants Robert V. Drake and Carol S. Drake

40.  Plaintiffs incorporate the allegations of paragraphs 1 through 39 as

though the same were set forth at length.

41. Mr. Perrotti's fall was caused by the negligence and carelessness of the Defendants Robert V. Drake and Carole S. Drake as the property owners and consisted of the following:

a) causing and/or permitting the ramp in question to have a dangerous lip extending only inches off the ground which was an obvious tripping hazard and which was not discernable to business invitees thus posing an unreasonable risk of injury to Mr. Perrotti;

b) failing to make a reasonable inspection of its premises, particularly its ramp, which would have revealed the existence of the dangerous condition which caused Mr. Perrotti's fall;

c) failing to warn Mr. Perrotti and other business invitees of the Postal Service of the dangerous condition posed by this lip extending from the ramp or to take any other safety precautions to prevent injury to Mr. Perrotti;

d) failing to maintain the ramp in a safe condition;

e) allowing business invitees such as the late Mr. Perrotti to access a dangerous area and failing to warn of the lip extending

from the foundation of the ramp;

f)    failing to use reasonable care in the construction and
      maintenance of its premises in avoid trip/slip and fall hazards
      for its business invitees, including Mr. Perrotti;

g)    failing to repair the dangerous condition of the ramp even
      though the United States knew or should have known of the
      hazard posed to its business invitees, including Mr. Perrotti;
      and

h)    failing to have adequate and proper warnings.

42.    As a result of the negligence and carelessness of the Drake Defendants,

through its tenant the United States and the Postal Service, and in their own right

for constructing a dangerous ramp, the late Mr. Perrotti sustained serious and

permanent injuries, including a corneoscleral laceration with an uveal prolapse

which necessitated surgery and resulted in the loss of all sight in Mr. Perrotti's left

eye as well as injuries to his left shoulder, left elbow, left knee and low back.

43.    Solely as a result of the negligence and carelessness of the Drake

Defendants in their own right and through its tenant the United States and the

Postal Service, the late Mr. Perrotti was required to expend monies for medicine

and medical care in order to treat his injuries to his great detriment and loss.

15

44.  Solely as a result of the negligence and carelessness of the Drake Defendants in their own right and through its tenant the United States and the Postal Service, its agents, servants, workmen and employees, the late Mr. Perrotti experienced great physical and mental anguish from the date of this incident on February 22, 2022 until the date of his death on October 5, 2023.

45.  Solely as a result of the negligence and carelessness of the Drake Defendants in their own right and through its tenant the United States and the Postal Service, its agents, servants, workmen and employees, Mr. Perrotti had been deprived of life's pleasures and sustained an interruption in his lifestyle, suffered embarrassment and humiliation and scarring and physical deformity from February 22, 2022 until the date of his death on October 5, 2023.

WHEREFORE, your Plaintiffs Georgia Lynn Perrotti, as Executrix of the Estate of Andrew G. Perrotti, deceased and Georgia Lynn Perrotti in her own right demand judgment against the Defendants Robert V. Drake and Carol S. Drake for compensatory damages in excess of $75,000 dollars plus interests and costs.

## COUNT IV- Loss of Consortium

### Plaintiff Georgia Lynn Perrotti vs. Robert V. Drake and Carol S. Drake

46.  Plaintiffs incorporate the allegations of paragraphs 1 through 45 as though the same were set forth at length.

16

47.  As a result of the negligence of the Drake Defendants and their tenant United States of America, by and through the Postal Service and the conduct of its agents, ostensible agents, servants and/or employees, the Plaintiff Georgia Lynn Perrotti has lost the companionship, society and services of her husband during the remainder of his lifetime.

WHEREFORE, your Plaintiff Georgia Lynn Perrotti, requests the Court to award compensatory damages in excess of $75,000 dollars plus interests and costs.

## <u>COUNT V</u>

### Plaintiffs vs. Defendant PPP Assets, LLC

48.  Plaintiffs incorporate the allegations of paragraphs 1 through 47 as though the same were set forth at length.

49.  Defendant PPP Assets owns the property which the United States operates as a Post Office.  PPP Assets owns the property located at 287 Route 507 Tafton, Pike County, Pennsylvania 18464 at all times relevant and in particular on February 22, 2022.

50.  Upon information and belief, Defendant PPP Assets constructed a dangerous ramp with an undetectable lip that was a tripping hazard.

51.  At all times material hereto, Defendant PPP Assets by and through its agents, servants, workmen or employees, had under its care, custody and control the obligations of inspection, supervision, and maintenance of the premises in question, in particular the defective ramp which included an undetectable lip extending from its foundation which was a clear tripping hazard.

52. On February 22, 2022, the late Andrew G. Perrotti was a business invitee entering the Post Office at a designated entryway (see Exhibit "A"). As he attempted to enter the ramp in question, Mr. Perrotti was caused to fall when an unmarked lip which was undiscernable to the general public caused him to trip at which point he fell with great force into an iron handrail sustaining serious injuries to his head, left eye, left shoulder, left elbow, left knee and low back.

53.  Mr. Perrotti's fall was caused by the aforementioned hazardous condition for which the Defendant PPP Assets and/or the United States was responsible in light of the fact that PPP Assets owned the property and was responsible for the management, maintenance, inspection, and control of the dangerous ramp upon which Mr. Perrotti fell.  At all times relevant hereto, the Defendant PPP Assets and/or the United States through the Postal Service, had a duty to maintain the ramp in question in a safe condition for business invitees, including Mr. Perrotti.

54.  Defendant PPP Assets and/or the United States through the Postal Service, should have been aware of this dangerous and hazardous condition and should have provided warnings to advise members of the general public that there was a lip at this designated entranceway that failed to comply with rudimentary safety standards.

55.  Defendant PPP Assets and/or the United States through the Postal Service, had a duty to inspect the ramp in question and to remedy any such dangerous conditions, including the defective ramp to ensure safe entry to the Post Office for the Government's business invitees, including Mr. Perrotti.

## ALLEGATIONS OF NEGLIGENCE

### Plaintiffs vs. Defendants Robert V. Drake and Carol S. Drake

56.  Plaintiffs incorporate the allegations of paragraphs 1 through 55 as though the same were set forth at length.

57. Mr. Perrotti's fall was caused by the negligence and carelessness of the Defendant PPP Assets as the property owner and consisted of the following:

a)    causing and/or permitting the ramp in question to have a dangerous lip extending only inches off the ground which was an obvious tripping hazard and which was not discernable to business invitees thus posing an unreasonable risk of injury to

Mr. Perrotti;

b)      failing to make a reasonable inspection of its premises, particularly its ramp, which would have revealed the existence of the dangerous condition which caused Mr. Perrotti's fall;

c)      failing to warn Mr. Perrotti and other business invitees of the Postal Service of the dangerous condition posed by this lip extending from the ramp or to take any other safety precautions to prevent injury to Mr. Perrotti;

d)      failing to maintain the ramp in a safe condition;

e)      allowing business invitees such as the late Mr. Perrotti to access a dangerous area and failing to warn of the lip extending from the foundation of the ramp;

f)      failing to use reasonable care in the construction and maintenance of its premises in avoid trip/slip and fall hazards for its business invitees, including Mr. Perrotti;

g)      failing to repair the dangerous condition of the ramp even though the United States knew or should have known of the hazard posed to its business invitees, including Mr. Perrotti; and

     h)     failing to have adequate and proper warnings.

58.  As a result of the negligence and carelessness of Defendant PPP Assets, through its tenant the United States and the Postal Service and in its own right for constructing a dangerous ramp, the late Mr. Perrotti sustained serious and permanent injuries, including a corneoscleral laceration with an uveal prolapse which necessitated surgery and resulted in the loss of all sight in Mr. Perrotti's left eye as well as injuries to his left shoulder, left elbow, left knee and low back.

59.  Solely as a result of the negligence and carelessness of Defendant PPP Assets in its own right and through its tenant the United States and the Postal Service, the late Mr. Perrotti was required to expend monies for medicine and medical care in order to treat his injuries to his great detriment and loss.

60.  Solely as a result of the negligence and carelessness of Defendant PPP Assets in its own right and through its tenant the United States and the Postal Service, its agents, servants, workmen and employees, the late Mr. Perrotti experienced great physical and mental anguish from the date of this incident on February 22, 2022 until the date of his death on October 5, 2023.

61.  Solely as a result of the negligence and carelessness of the Defendant PPP Assets in its own right and through its tenant the United States and the Postal Service, its agents, servants, workmen and employees, Mr. Perrotti had been

deprived of life's pleasures and sustained an interruption in his lifestyle, suffered embarrassment and humiliation and scarring and physical deformity from February 22, 2022 until the date of his death on October 5, 2023.

WHEREFORE, your Plaintiffs Georgia Lynn Perrotti, as Executrix of the Estate of Andrew G. Perrotti, deceased and Georgia Lynn Perrotti in her own right demand judgment against the Defendant PPP Assets, LLC for compensatory damages in excess of $75,000 dollars plus interests and costs.

### COUNT VI- Loss of Consortium

### Plaintiff Georgia Lynn Perrotti vs. PPP Assets, LLC

62.  Plaintiffs incorporate the allegations of paragraphs 1 through 61 as though the same were set forth at length.

63.  As a result of the negligence of Defendant PPP Assets, LLC and their tenant United States of America, by and through the Postal Service and the conduct of its agents, ostensible agents, servants and/or employees, the Plaintiff Georgia Lynn Perrotti has lost the companionship, society and services of her husband during the remainder of his lifetime.

WHEREFORE, your Plaintiff Georgia Lynn Perrotti, requests the Court to award compensatory damages in excess of $75,000 dollars plus interests and costs.

Respectfully Submitted:

DOUGHERTY, LEVENTHAL & PRICE, L.L.P.

By:     s/Joseph G. Price
        Joseph G. Price
        Attorney for Plaintiff
        PA ID # 32309

By:     s/Sean P. McDonough
        Sean P. McDonough, Esquire
        Attorney for Plaintiff
        PA ID# 47428
        75 Glenmaura National Blvd.
        Moosic, PA 18507
        Phone (570) 347-1011
        Fax (570) 347-7028
        jprice@dlplaw.com
        smcdonough@dlplaw.com